## Case No. 15,195a.

### UNITED STATES v. GEARY.

[4 N. B. R. 534 (Quarto, 175).] [1]

District Court, S. D. New York. 1870.

BANKRUPTCY—OBTAINING GOODS ON CREDIT—FRAUD.

An insolvent obtained goods on credit from various parties, with the intent to defraud, under the false color and pretense of carrying on business and dealing in the ordinary course of trade, and on a hearing before a commissioner he was held to bail in the sum of five thousand dollars.

[Cited in note to U. S. v. Frank, Case No. 15,-159.]

[Before United States commissioner.]

Previous to July 21, 1869, the defendant and Wm. W. Borden were engaged in the boot and shoe retail trade at No. 270 Greenwich street, in this city, under the name of Borden & Geary. On that day they filed a petition in bankruptcy in the office of the clerk of the Southern district of New York. They were subsequently adjudged bankrupts, and at a meeting of their creditors George G. Nason, of the firm of Cammeyer & Nason, wholesale boot and shoe dealers, of this city, was chosen assignee, and his appointment confirmed by the court. The assignee then proceeded to examine the defendant Horace P. Geary before Register Fitch, to whom the case had been referred, as to property of the bankrupts alleged to have been concealed or disposed of contrary to the provisions of the bankrupt law. On this examination the defendant, Horace P. Geary, testified, in effect, that on the 16th day of July, 1869, the bankrupts consulted their counsel, Messrs. Cheney & Dixon, and then decided to go into bankruptcy, and instructed their counsel to prepare their petition and the other papers necessary for that purpose. The defendant transferred to Cheney & Dixon a promissory note of A. McLean for two hundred and fifteen dollars, payable two months after its date, July 15, 1869, and two promissory notes of the same date, made by Henry V. Geary, the brother of the defendant,—the one for fifty dollars and nine cents, payable one month after date, the other for

fifty dollars, payable two months after date,—and paid these notes and one hundred and seventy-five dollars in cash on the 20th of July, 1869 (the day before they filed their petition in bankruptcy), to their counsel for law expenses. The defendant also testified that Cheney & Dixon had been their counsel only for about a week previous, and that they owed their counsel nothing, except for services in the bankruptcy proceedings. It also appeared, from the testimony of the defendant, that previous to May 5, 1868, they had a retail boot and shoe store in Bleecker street, in this city, which on that day they sold out to Henry V. Geary, the brother of the defendant, and sold him goods on open account, but on no fixed time of credit; that on the 15th day of July there was a balance of about six hundred dollars due by Henry V. Geary to the bankrupts, and the defendant told his brother, Henry, that Borden & Geary were about to become bankrupt, and then took his twelve notes for the amount, payable monthly, and gave him a receipt in full. The affidavits also alleged that the books of the bankrupts showed that Henry V. Geary had a credit with them, not exceeding sixty days, and that the defendant, in extending the time for the payment of his debt, by taking from him those twelve notes running from one to twelve months, prevented the debt from coming into the possession of the assignee. The complainants further charge that, by the foregoing acts, the defendant, being a debtor or bankrupt, disposed of part of the estate of the bankrupts with intent to prevent it from coming into the possession of the assignee in bankruptcy, and to hinder, impede, or delay him in recovering or receiving the same, and made a payment, gift, sale, assignment, transfer, or conveyance of property belonging to their estate with the like intent, and did, with intent to defraud, willfully and fraudulently conceal from his assignee, or omit from their schedule, property or effects belonging to their estate. The affidavits further alleged that it appears from the books of the bankrupts that they were insolvent on the 21st day of April, 1869; that the books were kept by the defendant, Horace P. Geary, who is a practical bookkeeper, and himself kept the books in his own handwriting, and therefore knew the fact of their insolvency on that date. After which, and within three months before the filing by them of their petition in bankruptcy (on July 21, 1869), the bankrupts obtained on credit from various parties in this city goods or chattels with intent to defraud, under the false color and pretense of carrying on business and dealing in the ordinary course of trade, which, the complainants allege, was a further violation of the bankrupt law.

The defendant was held to bail by the commissioner in five thousand dollars.

---

[1] [Reprinted by permission.]